Nash, J.
 

 A suit existed between these parties. It was compromised; and one of the conditions was, that Carter should pay the fee of the plaintiff’s attorney, and for which he held the plaintiff’s note. This money Carter neglected to pay, and the plaintiff was obliged to discharge the note. The action is in assumpsit to recover the money so paid. The defendant relied on the Statute of limitations and the want of notice — more than three years having elapsed since the promise was made upon the compromise of the. suit, but less than three years since the payment made bv the plaintiff.
 

 The decision of his Honor, who ruled against the defendants on both points, is correct. The Statute did not begin to run until the plaintiff discharged the note given to his attorney. Before that time, he had, and could have, no cause of action against the defendant. No, notice of the
 
 *268
 
 payment was necessary. The parties, after the compromise, stood
 
 towards each other
 
 in the relation of principal and surety. The whole of this case is covered by that of
 
 Ponder against these.same defendants,
 
 decided at this Term. In addition to the authorities there cited, may be added, 1 St. N. Pri. 316.
 

 Per Curiam. Judgment affirmed.